IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ANNA MULLINS,                                     :

            Plaintiff,             :   Case No. 3:10cv101

   vs.                                          :   JUDGE WALTER HERBERT RICE

COMMISSIONER OF SOCIAL SECURITY,  :

           Defendant.            :

---

DECISION AND ENTRY REJECTING REPORT AND RECOMMENDATIONS
OF UNITED STATES MAGISTRATE JUDGE (DOC. #12) IN THEIR
ENTIRETY; PLAINTIFF'S OBJECTIONS TO SAID JUDICIAL FILING (DOC.
#14) SUSTAINED; JUDGMENT TO BE ENTERED IN FAVOR OF PLAINTIFF
AND AGAINST DEFENDANT COMMISSIONER, REVERSING
COMMISSIONER'S DECISION THAT PLAINTIFF WAS NOT DISABLED
AND, THEREFORE, NOT ENTITLED TO BENEFITS UNDER THE SOCIAL
SECURITY ACT; CAPTIONED CAUSE REMANDED TO DEFENDANT
COMMISSIONER FOR THE PAYMENT OF BENEFITS CONSISTENT WITH
THE SOCIAL SECURITY ACT; TERMINATION ENTRY

---

Plaintiff has brought this action pursuant to 42 U.S.C. § 405(g) to review a

decision of the Defendant Commissioner denying Plaintiff's application for Social

Security disability benefits.  On December 14, 2010, the United States Magistrate

Judge filed a Report and Recommendations (Doc. #12), recommending that the

Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled

to benefits under the Social Security Act be affirmed.  Based upon reasoning and

citations of authority set forth in the Plaintiff's Objections to said judicial filing

(Doc. #14), objections which are well supported by a review of the record in its entirety,  as well as upon a thorough de novo review of this Court's file, including the Administrative Transcript (Doc. #8), and a thorough review of the applicable law, this Court rejects the aforesaid Report and Recommendations, at least to the extent they concluded that Plaintiff was not disabled by virtue of her mental health issues, and, in so doing, orders the entry of judgment in favor of the Plaintiff and against the Defendant Commissioner,  concluding that the Commissioner's decision that Plaintiff was not disabled as the result of her mental health issues and, therefore, not entitled to benefits under the Social Security Act was not supported by substantial evidence.  The Plaintiff's Objections to said judicial filing (Doc. #14) are sustained, to the extent the objections are directed to the Commissioner's finding that Plaintiff was not disabled as the result of her mental health issues. Accordingly, the decision of the Defendant Commissioner that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act is reversed, and the captioned cause remanded to the Defendant Commissioner for the payment of benefits consistent with the Social Security Act.

In reviewing the Commissioner's decision, the Magistrate's task is to determine if that decision is supported by "substantial evidence."  42 U.S.C. § 405(g).  Under 28 U.S.C. § 636(b)(1)(C), this Court, upon objections being made to the Magistrate Judge's Report and Recommendations, is required to make a de novo review of those recommendations of the report to which objection is made.

-2-

This de novo review, in turn, requires this Court to re-examine all the relevant evidence, previously reviewed by the Magistrate, to determine whether the findings of the Secretary [now Commissioner] are supported by "substantial evidence." Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983); Gibson v. Secretary of Health, Education and Welfare, 678 F.2d 653, 654 (6th Cir. 1982).  This Court's sole function is to determine whether the record as a whole contains substantial evidence to support the Commissioner's decision.  The Commissioner's findings must be affirmed if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), citing Consolidated Edison Company v. NLRB, 305 U.S. 197, 229 (1938); Landsaw v. Secretary of Health and Human Services, 803 F.2d 211, 213 (6th Cir. 1986).  Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  Richardson, supra, at 401; Ellis v. Schweicker, 739 F.2d 245, 248 (6th Cir. 1984).  Substantial evidence is more than a mere scintilla, but only so much as would be required to prevent a directed verdict (now judgment as a matter of law) against the Commissioner if this case were being tried to a jury.  Foster v. Bowen, 853 F.2d 483, 486 (6th Cir. 1988); NLRB v. Columbian Enameling and Stamping Company, 306 U.S. 292, 300 (1939).  To be substantial, the evidence "must do more than create a suspicion of the existence of the fact to be established... [I]t must be enough to justify, if the trial were to a jury, a refusal to direct a verdict

when the conclusion sought to be drawn from it is one of fact for the jury."

LeMaster v. Secretary of Health and Human Services, 802 F.2d 839, 840 (6th Cir.

1986), quoting NLRB v. Columbian Enameling and Stamping Company, supra.

In determining whether the Commissioner's findings are supported by

substantial evidence, the Court must consider the record as a whole.  Hephner v.

Mathews, 574 F.2d 359 (6th Cir. 1978); Ellis, supra; Kirk v. Secretary of Health and

Human Services, 667 F.2d 524, 536 (6th Cir. 1981); Houston v. Secretary of

Health and Human Services, 736 F.2d 365 (6th Cir. 1984); Garner v. Heckler, 745

F.2d 383 (6th Cir. 1984).  However, the Court may not try the case de novo,

resolve conflicts in evidence or decide questions of credibility.  Garner, supra.  The

findings of the Commissioner of Social Security and proceedings on Claimant's

application for social security disability benefits are not subject to reversal merely

because there exists in the record substantial evidence to support a different

conclusion.  Buxton v. Halter, Commissioner of Social Security, 246 F.3d 762 (6th

Cir. 2001).   If the Commissioner's decision is supported by substantial evidence, it

must be affirmed, even if the Court as a trier of fact would have arrived at a

different conclusion.  Elkins v. Secretary of Health and Human Services, 658 F.2d

437, 439 (6th Cir. 1981).

In addition to the foregoing, in ruling as aforesaid, this Court makes the

following, non-exclusive, observations:

-4-

1.    While a conclusion of "unemployability," such as rendered by Dr. Pasha, might usurp the decision making function of the Administrative Law Judge, the doctor's underlying findings, leading to such an objectionable conclusion, are still part of the record and must be considered.   Those findings and others pertinent to the Plaintiff's mental health, in this Court's opinion, render the Commissioner's decision that Plaintiff was not disabled, within the meaning of the Social Security Act, due to her mental health issues, not supported by substantial evidence.  Rather, the overwhelming evidence in the record as a whole supports a finding that Plaintiff was disabled by her mental impairments, each of the following which the Administrative Law Judge found to be severe, to wit: severe depression, anxiety disorder, obsessive/compulsive disorder and schizoaffective disorder.  Since evidence of disability is overwhelming, a remand for the payment of benefits, rather than one for further administrative proceedings, is proper.  <u>Faucher v. Secretary of Health and Human Services</u>, 17 F.3d 171, 176 (6th Cir. 1994).

WHEREFORE, based upon the aforesaid, this Court rejects the Report and Recommendations of the United States Magistrate Judge (Doc. #12), to the extent that said judicial filing recommends that the Plaintiff be found to be not disabled due to her mental health impairments and, therefore, not entitled to benefits under the Social Security Act.  Plaintiff's Objections to said judicial filing, directed to the Magistrate Judge's upholding of the Administrative Law Judge's conclusion of

non-disability based upon Plaintiff's mental health impairments (Doc. #14), are sustained.   Judgment will be ordered entered in favor of the Plaintiff and against the Defendant Commissioner, rejecting the decision of the Defendant Commissioner that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act, and remanding the captioned cause to the Defendant Commissioner for the payment of benefits consistent with said Social Security Act, the Court having found Plaintiff entitled thereto based upon her mental impairments.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

March 29, 2011

WALTER HERBERT RICE, JUDGE
UNITED STATES DISTRICT COURT

Copies to:

Counsel of record

-6-