# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

ANNA MULLINS,                                :

                        Plaintiff,

   -vs-

MICHAEL J. ASTRUE,
COMMISSIONER OF
SOCIAL SECURITY,
                    Defendant.         :

Case No. 3:10-cv-101

District Judge Walter Herbert Rice
Magistrate Judge Michael R. Merz

## REPORT AND RECOMMENDATIONS

This case is before the Court on Plaintiff's Motion for Award of Attorney Fees Pursuant to the Equal Access to Justice Act. (Doc. 20). The parties have fully briefed the issues, (*Id.*, Doc. 21), and the matter is ripe for Report and Recommendations.

Pursuant to the EAJA, Plaintiff seeks an award of attorney fees in the amount of $3,668.175 [sic]. (Doc. 20). In support of the Motion, Plaintiff's counsel has provided an itemization of time which reveals that counsel spent 21.25 hours representing his client in this matter. PageID 589. Plaintiff does not seek an award for costs and expenses. (Doc. 20). The Commissioner opposes Plaintiff's Motion arguing that his position was "substantially justified" for purposes of the EAJA. (Doc. 21).

An award of fees may be made under the EAJA in a social security disability action such as the present case. *Jankovich v. Bowen,* 868 F.2d 867 (6th Cir. 1989). The EAJA provides in

relevant part:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, ... incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. §2412(d)(1)(A).

Thus, eligibility for a fee award in any civil action requires: (1) that the claimant be a "prevailing party"; (2) that the Government's position was not "substantially justified"; (3) that no "special circumstances make an award unjust"; and (4) pursuant to 28 U.S.C. §2412(d)(1)(B), any fee application be presented to the court within 30 days of final judgment in the action and be supported by an itemized statement. *Jones v. Commissioner,* 496 U.S. 154, 158 (1990). EAJA fees are payable to the litigant. *Astrue v. Ratliff,* 560 U.S. ___, ___, 130 S.Ct. 2521, 2524 (2010).

A review of the procedural history of this matter is appropriate. Plaintiff filed her Complaint in this matter on March 17, 2010, seeking judicial review of the Commissioner's decision denying her application for Supplemental Security Income benefits (SSI). (Doc. 2). On December 14, 2010, I issued a Report and Recommendations recommending that the Commissioner's decision be affirmed. (Doc. 12). Plaintiff filed Objections to that Report on January 3, 2011. (Doc. 14). On March 29, 2011, District Judge Walter Herbert Rice rejected my Report in its entirety and reversed the Commissioner's decision that Plaintiff is not disabled. (Doc. 15). In doing so, Judge Rice determined that the Commissioner's decision that Plaintiff is not disabled by her mental impairments was not supported by substantial evidence. *Id.* On the same date, the Clerk entered judgment accordingly. (Doc. 16). On April 25, 2011, the Commissioner

filed a Motion ot Alter Judgment, (Doc. 17), which Judge Rice denied on July 27, 2011. (Doc. 19). This Motion followed.

As noted above, the Commissioner has opposed Plaintiff's Motion arguing that his position was "substantially justified" and therefore Plaintiff is not entitled to an award of EAJA fees. However, there is no dispute that for purposes of the EAJA, Plaintiff is a prevailing party and that she timely filed his present Motion. The Court therefore turns to the question of whether, in the underlying litigation, the Commissioner's position was "substantially justified".

The proper test for determining whether the government's position was substantially justified is whether the "position was justified, both in fact and in law to a degree that would satisfy a reasonable person." *Pierce v. Underwood,* 487 U.S. 552, 565 (1988); *Jankovich,* 868 F.2d at 869. That the Commissioner did not ultimately prevail in the litigation does not establish that the Commissioner's position was not substantially justified. *Pierce, supra.* The fact that the Commissioner's decision was not supported by "substantial evidence" does not require automatically that the court find that for purposes of an EAJA application the Commissioner's position was not "substantially justified". *Meyers v. Heckler,* 625 F.Supp. 228, 232 (S.D. Ohio 1985)(citation omitted). In other words,, "[t]he fact that this [C]ourt finds a decision of the [Commissioner] not supported by substantial evidence is not equivalent to a finding that the position of the [Agency] was not substantially justified. *Couch v. Sec'y of Health & Human Services,* 749 F.2d 359-60 (6th Cir. 1984).

The Commissioner essentially argues in opposition to Plaintiff's current Motion that his position was substantially justified because the government's position that Plaintiff is not disabled had a reasonable basis in law and fact. PageID 592. The Commissioner claims that "while

the district court reversed the ALJ's decision, the Magistrate found no error and recommended affirmance" and that "[t]his disagreement about the propriety of the ALJ's decision is the hallmark of substantial justification. *Pierce*, 487 U.S. at 565." PageID 593.

In determining that Plaintiff is not disabled by her mental impairments, Administrative Law Judge Lombardo rejected treating psychiatrist Dr. Pasha's opinion on the basis that it was not supported by his treatment notes and was inconsistent with other evidence or record. PageID 68-69. Indeed, as I noted in my December 14, 2010, Report, a review of the treatment notes from Day-Mont West where Plaintiff saw Dr. Pasha and her therapist Mr. Stanchina reveal that Plaintiff frequently missed her appointments and was not compliant with taking her medications. PageID 423, 451, 473. In addition, the clinical notes from Day-Mont West reveal that Plaintiff received treatment only once a month, that her mental health care providers generally described her condition as stable, and that they assigned her a GAF of 50-55 which indicates, at worst, a moderate impairment. See, *e.g.,* PageID 472.

In contrast to Dr. Pasha's opinion that Plaintiff is disabled by her mental impairments, examining psychologist Dr. Flexman reported that Plaintiff had normal speech, her effort was poor, and her affect was appropriate. PageID 266-83. In addition, Dr. Flexman noted an element of malingering and opined that although Plaintiff's ability to interact with the general public was markedly impaired, her abilities to perform other work-related mental activities were, at worst, only moderately impaired. *Id.* Finally, Dr. Pasha's opinion is inconsistent with the reviewing mental health care experts' opinions as well as Plaintiff's self-reported activities. PageID 266-83; 287; 262; 283.

In view of the state of Dr. Pasha's clinical notes from Day-Mont West as well as Dr.

4

Flexman's report and opinion, the opinions of the reviewing mental health experts, and Plaintiff's self-reported activities, the Magistrate Judge cannot say that the Commissioner's position in the underlying litigation that Plaintiff is not disabled by her mental impairments was not substantially justified.

It is therefore recommended that Plaintiff's Motion for Attorney Fees Under the Equal Access to Justice Act ..., (Doc. 20), be denied.

December 6, 2011                            s/ **Michael R. Merz**
                                                                             United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed.R.Civ.P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed.R.Civ.P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed.R.Civ.P. 5(b)(2)(B),(C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See, United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985).